**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| RODNEY BURNSWORTH | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 14-448 |
| | ) | Judge Nora Barry Fischer |
| NUPLA CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

<u>MEMORANDUM ORDER</u>

I.      INTRODUCTION

The instant case remains in discovery and trial has not yet been set.  However, the parties have asked the Court to consider Plaintiff, Rodney Burnsworth's ("Burnsworth" or "Plaintiff"), present Motion *in Limine* to Enter Portion of Lien Amount Into Evidence (Docket No. 83) and Defendant, Nupla Corporation's ("Nupla" or "Defendant"), response in opposition (Docket No. 92).  The Court heard oral argument on Tuesday, September 8, 2015.[1] (Docket No. 100). Although Plaintiff initially moved the Court to allow AIG's entire lien into evidence, during argument he conceded that portions of the lien were inadmissible and sought only to enter the attorney's fees portion of the lien.  (*Id.*)  Thus, entering the attorney's fees portion of the lien into evidence is the only remaining issue before the Court.  (*Id.*)  The parties were afforded an opportunity to provide the Court with supplemental briefing but subsequently declined the invitation.  (Docket No. 100).  For the following reasons, Plaintiff's Motion is denied.

II.      BACKGROUND AND PROCEDURAL HISTORY

---

[1] The parties did not request a transcript of the September 8, 2015 oral argument and the Court did not order production of same.  (Docket No. 100).

Burnsworth brings a products liability suit against Nupla, with claims relating to the designing, selling, and/or manufacturing of a defective sledgehammer. (Docket No. 1 at ¶¶ 9–36). Plaintiff claims that on or about April 10, 2012, he was at his place of employment, Suf-Frac Wellhead Equipment, located in Perryopolis, Pennsylvania. (*Id*. at ¶ 5). Plaintiff and a co-worker, Jonathan Gonzales, a non-party hereto, were using a 29" sledgehammer, bearing the name "Nupla," to hammer down a flange. (*Id*. at ¶¶ 6–7). Plaintiff alleges that when Gonzales was using the sledgehammer, suddenly and without warning, the six-pound metal head of the sledgehammer fully separated from the handle and violently struck him. (*Id.* at ¶¶ 6-8). Plaintiff claims that he sustained several serious injuries, including: a head injury, concussion, double vision, post concussive syndrome, and a severe facial and forehead laceration. (*Id.* at ¶ 17).

Plaintiff sought and received workers' compensation benefits from AIG/Chartis. (Docket No. 92 at 2). His compensable benefits were awarded from the time of injury, and included the week of July 12, 2012 to July 17, 2012. (*Id*.). Plaintiff eventually settled his workers' compensation claim on November 8, 2012 for $70,518.75, which included a lump sum payment of $36,000; an eleven-year annuity in the amount of $20,000; and, attorney's fees and expenses totaling $14,518.75. (*Id*.). AIG/Chartis previously paid $3,466.47 in medical expenses and $18,773.70 in wage-loss benefits and attorney's fees. (*Id*.). AIG has asserted a lien in the amount of $92,758.42 against any recovery by Plaintiff in this case. (*Id*.).

Plaintiff filed the present Motion *in Limine* on August 11, 2015, seeking to introduce the entire lien into evidence. (Docket No. 83). As discussed above, the Motion's scope was narrowed at oral argument and now only includes the attorney's fees portion of the lien. (Docket No. 100).

III.    LEGAL STANDARD

The Federal Rules of Evidence provide the standard for admitting evidence at trial.  Rule 401 states: "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." FED. R. EVID. 401.  Hence, the definition of relevant evidence is very broad.  *See Moyer v. United Dominion Industries, Inc.*, 473 F. 3d 532, 545 (3d Cir. 2007) (quoting *Gibson v. Mayor & Council of Wilmington*, 355 F. 3d 215, 232 (3d Cir. 2004); *see also United States v. Friedman*, 658 F. 3d 342, 355 (3d Cir. 2011).  However, the Court must conduct a balancing test under Rule 403.  Relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, waste of time, or needless presentation of cumulative evidence.  *See* FED. R. EVID. 403; *see also United States v. Abel*, 469 U.S. 45, 54 (1984) ("A district court is accorded wide discretion in determining the admissibility of evidence under the Federal Rules.").

IV.    DISCUSSION

Plaintiff seeks to introduce the attorney's fees portion of AIG's lien into evidence as probative of the damages in his products liability case against Nupla.  The parties dispute the relevance of the proffered evidence under Rule 401 and the appropriate balancing of such evidence against the considerations of Rule 403.  The Court will address each, in turn.

A.  Relevance of the Lien Amount Under FED. R. EVID. 401

In this Court's estimation, the attorney's fees portion of the lien is not relevant under Rule 401 because it has no bearing on Nupla's alleged liability or potential damages in the instant case.  Yet, Plaintiff maintains his attorney's fee in the workers' compensation proceedings are relevant to any damages awarded here and should be entered into evidence.

In support, he argues that his potential recovery is subrogated for the entire amount that AIG paid, and therefore, Plaintiff will be required to reimburse AIG for attorney's fees in his workers' compensation case if he prevails against Nupla. (Docket No. 84 at 3). Plaintiff also argues that if he cannot present this evidence, he will not have the opportunity to be made whole, as he will only be able to show evidence of his other expenses, such as medical bills, lost wages and the like. (*Id*. at 4).

Plaintiff's logic is flawed. As stated, his attorney's fees are not probative to the underlying issues nor were they requested in his complaint. (Docket No. 1). Moreover, attorney's fees are generally not recoverable in strict liability claims. *See Glick v. White Motor Co.,* 317 F. Supp. 42 (E.D. Pa.1970), *judgment aff'd* 458 F. 2d 1287 (3d Cir. 1972).

There is another reason why they are not admissible in this case. Pursuant to the American Rule, "[e]ach litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise." *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 243 (2010); *see also Baker Botts L.L.P. v. ASARCO LLC*, 135 S. Ct. 2158, 2164 (2015). "Generally, Pennsylvania adheres to the 'American Rule . . . .'" *In re Farnese*, 17 A.3d 357, 370 (Pa. 2011) (quoting *Trizechahn Gateway LLC v. Titus,* 976 A.2d 474, 482–83 (Pa. 2009); and citing *Commonwealth, Dep't of Envtl. Prot. v. Bethenergy Mines, Inc.,* 758 A.2d 1168, 1173 (Pa. 2000)). Additionally, "[t]he burden of proving entitlement to attorney's fees is on the party claiming such entitlement." *Clark v. Wilkinson*, 1998 WL 122232 at *1 (citing *In re Fine Paper Antitrust Litigation,* 751 F. 2d 562 (3d Cir. 1984); *Jones v. Muir,* 515 A.2d 855 (Pa. 1986). Here, Plaintiff has not demonstrated any exception to the American Rule as adopted by both the federal and Pennsylvania courts. *See Independence Blue Cross v. Workers' Compensation Appeal Board*, 820 A.2d 868, 872–73 (Pa. Commw. Ct. 2003); *see also Chambers v. NASCO,*

*Inc.*, 501 U.S. 32, 44–45 (1991) (describing the three circumstances in which federal courts have been able to assess attorney's fees against counsel, including the common fund exception, as a sanction, and for actions in bad faith, vexatiously, wantonly, or oppression (citations omitted)).

Plaintiff attempts to circumvent the American Rule by claiming attorney's fees from a previous proceeding as damages. This is not only contrary to the American Rule, but is contrary to established precedent. Indeed, the United States Supreme Court has held that "it would be inappropriate for the Judiciary, without legislative guidance, to reallocate the burdens of litigation . . . ." *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 247 (1975).

Against this backdrop, Plaintiff's proffered precedent does not convince the Court that the attorney's fees portion of the lien should be admitted into evidence here. In *Simpson v. Betteroads Asphalt Corp.*, 2013 WL 5276563 (D.V.I. 2013), *judgment aff'd* 598 Fed. App'x 68 (3d Cir. 2015)), in which the District Judge held that a jury's award for pain, suffering, and loss of enjoyment of life in excess of $325,000 was clearly unsupported by the evidence and exceeded the amount needed to make the plaintiff whole. The plaintiff in *Simpson* presented evidence of a workers' compensation lien in order to show economic damages, and did not present any additional evidence to show medical or economic damages. *Simpson*, 2013 WL 5276563 at *10. In the opinion affirming the District Court, 598 Fed. App'x 68 (3d Cir. 2015), the Third Circuit does not discuss the lien and does not note any problem with accepting the lien into evidence. (Docket No. 84 at 3). But, as Defendant argues, the holding in *Simpson* has "absolutely nothing to do with the <u>admissibility</u> of lien documentation as proof of liability or damages and is in no way applicable to the instant action." (Docket No. 92 at 4) (emphasis in original). This Court agrees.

B. Exclusion Under FED. R. EVID. 403

Even if the attorney's fees portion of the lien were relevant under Rule 401, it would still be excluded under Rule 403. First, it would be prejudicial to both Defendant and Plaintiff. Allowing the attorney's fees portion of the lien into evidence would lead to jurors making legal and factual conclusions based on the outcome of the workers' compensation proceeding. *See, e.g., Posel v. Dayton Power & Light*, 2012 WL 524475 (S.D. Ohio 2012). In *Posel*, the court said that:

> [t]he lack of probative value and the absence of prejudice to plaintiff must be balanced against the danger that the jury will draw unfounded assumptions as to Mid–Atlantic's liability and the damages incurred if the collateral source evidence is admitted, given that the standards governing the payment of workers' compensation benefits differ from those which govern the imposition of tort liability.

*Posel*, 2012 WL 524475 at *3.

Under Pennsylvania law, workers' compensation claims are traditionally considered collateral sources of recovery. *Nigra v. Walsh*, 797 A.2d 353, 356 (Pa. Super. Ct. 2002), *see also Beechwoods Flying Service, Inc. v. Al Hamilton Contracting Corp.*, 476 A.2d 350, 353 (Pa. 1984). Consequently, such liens are typically excluded under Rule 403 at plaintiffs' request. *See, e.g., Ocasio v. Ollson*, 596 F. Supp. 2d 890, 904 (E.D. Pa. 2009); *Collins v. Cement Express, Inc.*, 447 A.2d 987, 988 (Pa. Super Ct. 1982). Here Plaintiff argues for introduction of the attorney's fees portion of the lien. Despite same, there remains the risk of prejudice to Plaintiff. For example, a jury could be prejudiced against Plaintiff if it were to find out that he had already received a large cash payment from a third party. "[A]ny mention of Plaintiff's collection of Workers' Compensation benefits, or even mention of the claim or settlement in general terms, runs the risk of creating substantial prejudice to Plaintiff by suggesting to the jury that he need not recover against Defendants because he has already received payments from his employer." *Ocasio*, 596 F. Supp. 2d at 905 (citing *Nigra*, 797 A.2d at 360; *Lobalzo v. Varoli*, 185, A.2d 557,

558 (Pa. 1962); *Kostar v. Pepsi-Cola Metropolitan Bottling Co., Inc*, 1998 WL 848116, at *2–3 (E.D. Pa. 1998)). They could also infer liability on the part of Nupla given the resolution of the workers' compensation claim.

Secondly, as the attorney's fees portion of the lien was part of a settlement, other problems arise. Generally, settlements are not permitted into evidence under any scenario. *See Trout v. Milton S. Hershey Medical Center*, 572 F. Supp. 2d 591, 596 (M.D. Pa. 2008) ("Settlement agreements . . . are inadmissible regardless of relevance if offered to establish liability for or the amount of a claim or if introduction thereof would result in undue prejudice to an opposing party."); *see also* FED. R. EVID. 408 (generally prohibiting the introduction of evidence of compromises and settlements and offers to compromise).

Third, the introduction of attorney's fees would likely cause confusion and delay as well as potentially mislead jurors.[2] The legal theories of recovery in the workers' compensation proceeding, and its subsequent settlement, are completely different from the instant negligence case. Introduction of such evidence would create a "mini trial" surrounding the attorney's fees generated in the workers' compensation proceeding, as the parties would have to offer evidence and the Court would be required to provide instruction on the burden of proof in the workers' compensation arena as well as the computation of benefits. *See, e.g., Bacone v. Philadelphia Housing Authority*, 112 Fed. App'x 127, 130 (3d Cir. 2004), *United States v. Farrington*, 58 Fed. App'x 919, 925 (3d Cir. 2003), & *United States v. Raisley*, 466 Fed. App'x 125 (3d Cir. 2012);

---

[2] In this Court's opinion, admitting the attorney's fees portion of the lien into evidence in isolation would beg for further information as to its nature, causing jurors to make assumptions regarding the remainder of the lien and any workers' compensation benefits that Plaintiff received.

*see also* Fed. R. Civ. P. 1 (the rules should be "employed by the court . . . to secure the just, *speedy*, and *inexpensive* determination of every action and proceeding." (emphasis added)).

Prejudice, confusion, delay, and misleading the jurors can be avoided by the Plaintiff introducing into evidence his actual losses. (Docket No. 92 at 6–7.). He can produce medical evidence, including bills; pay stubs; cancelled checks; tax returns, and the like. He can also testify to his medical condition, treatment, residual problems, and lost wages and he can call his treating physicians and his employer as witnesses to verify the factual underpinning of his damages claim.

V.     CONCLUSION

After considering the facts and circumstances in this case, and against the authority cited above, Plaintiff's Motion *in Limine* to Enter Portion of Lien Amount in Evidence (Docket No. 83) is denied. Plaintiff has not demonstrated that the attorney's fees portion of the lien is relevant to the present case, nor that the probative value of the attorney's fees portion of the lien is "substantially outweighed by a danger of . . . unfair prejudice [and] confusing the issues." *See* Fed. R. Evid. 401 & Fed. R. Evid. 403.

AND NOW, this 23rd day of September, 2015, for the foregoing reasons,

IT IS HEREBY ORDERED that Plaintiff's Motion *in Limine* to Enter Portion of Lien Amount Into Evidence, (Docket No. [83]), is DENIED.

_s/Nora Barry Fischer_
Nora Barry Fischer
UNITED STATES DISTRICT JUDGE

cc/ecf: all counsel of record